{¶ 34} I concur with the majority opinion and write separately only to clarify that the jury instruction Buettner sought regarding a keeper's duties was not appropriate under the circumstances presented. Beasley was not "actually present" when Sniffer bit Buettner. He was in the kitchen and therefore had not "resumed physical control" of Sniffer in the bedroom. The facts presented by Buettner demonstrated that she had control of Sniffer when the dog bit her. She was the only person actually present in the bedroom and could have ejected the dog from the bedroom instead of attempting to kiss him.
 APPENDIX A "I. The jury's verdict in favor of appellee was against themanifest weight of the evidence."
 "II. The trial court erred to the prejudice of the appellantin denying her motion for a directed verdict when appellee failedto adduce any evidence the rebut the imposition of strictliability."
 "III. The trial court abused its discretion to the prejudiceof appellant in failing to give appellant's proposed juryinstructions and giving jury instructions which were confusingand mislead the jury on the issue of strict liability."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.